IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

                        Plaintiff,

   v.

MARK F. BRUMMITT,

                        Defendant.

ORDER

04-cr-127-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARK F. BRUMMITT,

                       Plaintiff,

   v.

UNITED STATES OF AMERICA,

                        Defendant.

ORDER

08-cv-215-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Mark F. Brummitt has asked the court to seal all of his records. Dkt. #137, case no. 04-cr-127. Although he does not say so, I assume that he intends his request to apply to both his criminal case, 04-cr-127, and to his civil case, 08-cv-215. The request will be denied because apart from saying that it is "hazardous" for him when people access his records on the law library computer, he has made no showing why this court should take this unusual step.

The public's right of access to court proceedings and documents filed with the court is well-established. Bond v. Utreras, 585 F.3d 1061, 1073 (7th Cir. 2009); Grove Fresh Distribs., Inc. v. Everfresh Juice Co., 24 F.3d 893, 897 (7th Cir. 1994). "This right is derived from the common-law principle that courts are public institutions that operate openly—a principle codified at 28 U.S.C. § 452—and judicially imposed limitations on this right are subject to the First Amendment." Bond, 585 F.3d at 1073. "Public scrutiny over the court system serves to (1) promote community respect for the rule of law, (2) provide a check on the activities of judges and litigants, and (3) foster more accurate fact finding." Grove, 24 F.3d at 897. However, the presumption of access "is rebuttable when it is demonstrated that suppression is necessary to preserve 'higher values' and when the suppression is 'narrowly tailored' to serve those interests. Id. (quoting Press Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1948)). See also Bond, 585 F.3d at 1074 (court may shield certain documents from public when there is good cause to do so).

Brummitt says that he has had several beatings, but he has failed to explain what this has to do with people having access to his court records. He also has not made a showing that sealing his court records would "preserve higher values" or accomplish any other valid goal. Therefore, his motion must be denied.

ORDER

Defendant Mark F. Brummitt's motion to seal the records in case nos. 04-cr-127-bbc

and 08-cv-215-bbc, dkt. #137, is DENIED.

Entered this 28th day of July, 2020.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3